UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY and STATE NATIONAL INSURANCE COMPANY,<br><br>   Plaintiffs,<br><br>   vs.<br><br>HARLEYSVILLE LAKE STATE INSURANCE COMPANY,<br><br>   Defendant. | CAUSE NO. 1:13-cv-1297-WTL-MJD |

## ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's motion for summary judgment (dkt. no. 48) and the Plaintiffs' motion for summary judgment (dkt. no. 52). The motions are fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion and **DENIES** the Plaintiffs' motion for the reasons, and to the extent, set forth below.

## I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations,

that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

The fact that the parties have filed cross motions for summary judgment does not alter the standard set forth in Federal Rule of Civil Procedure 56. When evaluating each side's motion, the Court simply "construe[s] all inferences in favor of the party against whom the motion under consideration is made." *Metro Life. Ins. Co. v. Johnson*, 297 F.3d 558, 561-62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

## II. BACKGROUND

This insurance dispute arises out of an accident that occurred on February 10, 2009, in Indianapolis, Indiana. The relevant facts follow.

Venture Logistics, Inc. ("Venture Logistics") offers trucking, freight, warehouse, and brokerage services to its clients. Indy Powder Coatings was a customer of Venture Logistics. On February 10, 2009, Trevell Lasha Parker, a truck driver for Venture Logistics, went to Indy Powder Coatings to complete its trucking and hauling jobs. Robert Harden was a forklift operator for Indy Powder Coatings at the time and was unloading skids from the Venture Logistics tractor-trailer driven by Parker. After he had unloaded a few skids, Parker asked Harden if he was finished. Harden replied "no." Nevertheless, Parker began to drive the tractor-trailer away. Worried that the forklift would fall off of the tractor-trailer as it went up a hill, Harden got off the forklift and tried to get Parker's attention. The forklift subsequently slid down the tractor-trailer and pinned Harden against the wall. Harden was able to get one leg free, and partially fell out of the tractor-trailer. Eventually, someone honked their horn at Parker and

she stopped the tractor-trailer. As a result of the accident, Harden's leg, among other things, was seriously injured. Harden filed suit against Venture Logistics and Parker in Marion County Superior Court on February 10, 2010 ("the Harden lawsuit").

At the time of the accident, Venture Logistics was insured by two insurance companies: State National Insurance Company ("State National") and Harleysville Lake State Insurance Company ("Harleysville"). State National issued a Commercial Truckers Coverage Policy ("the State National Policy") to Venture Logistics. The pertinent portions of this policy are as follow:

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

. . .

**B. Exclusions**

This insurance does not apply to any of the following:

. . .

**8. Movement Of Property by Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto."

Dkt. No. 53-6.

Harleysville issued a Commercial Lines Policy ("the Harleysville Policy") to Venture Logistics. The pertinent portions of this policy are as follow:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

   . . .

2. **Exclusions**

   This insurance does not apply to:

   . . .

   **g. Aircraft, Auto Or Watercraft**

   "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."

   . . .

   "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

Dkt. No. 53-8.

On or about February 11, 2009, Venture Logistics reported the accident to National American Insurance Company ("NAICO"), who had agreed to handle State National's claims. Thereafter, NAICO defended Venture Logistics in the Harden lawsuit without reservation until late 2012, when it raised the "Movement Of Property by Mechanical Device" exclusion in the State National Policy. It realized this exclusion may apply when another NAICO claim involving a forklift implicated the same exclusion.

Therefore, on November 30, 2012, NAICO notified Harleysville that it may have potential coverage liability for the accident. On December 18, 2012, after conducting a coverage analysis, Harleysville denied coverage for the accident pursuant to the "Aircraft, Auto or Watercraft" exclusion.

On or about May 25, 2013, the Harden lawsuit settled and NAICO paid Harden $800,000 on behalf of Venture Logistics. On August 15, 2013, NAICO and State National filed the present lawsuit. Count I of the Amended Complaint seeks a declaration that coverage for the Harden lawsuit is excluded under the State National Policy; correspondingly, it seeks a declaration that coverage for the Harden lawsuit is provided by the Harleysville Policy. Counts II and III seek subrogation or, alternatively, contribution from Harleysville.

### III. DISCUSSION

The crux of this dispute is "whether the relevant exclusions found in the Harleysville and State National Policies clearly and unambiguously exclude coverage for the Harden Lawsuit under the unique set of facts that led to Mr. Harden's injuries." Dkt. No. 60 at 4. As an initial matter, the Court notes that it will apply Indiana law to this dispute. *See Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014) ("[T]he *Erie* doctrine provides that federal courts sitting in diversity apply state substantive law and federal procedural law.") (internal quotation marks omitted). "Indiana's choice of law rule for contract actions calls for applying the law of the forum with the most intimate contacts to the facts." *Nautilus Ins. Co. v. Reuter*, 537 F.3d 733, 737 (7th Cir. 2008). Both insurance policies were issued in Indiana, the accident occurred in Indiana, and the Harden lawsuit was filed in Indiana. Harleysville also believes Indiana law should apply, and the Plaintiffs offer no argument to the contrary. With this established, the Court now turns to the parties' arguments.

As noted above, Count I of the Plaintiffs' Amended Complaint seeks declaratory judgment in two respects: 1) "that coverage for the Underlying Lawsuit is excluded under" the State National Policy's "movement of property by mechanical device" exclusion; and 2) "that coverage for the Underlying Lawsuit is provided by the Harleysville Policy[.]" Dkt. No. 16 ¶ 34, 37. Both of these requests are premised on State National's belief that "the 'bodily injury' in the Underlying Lawsuit occurred while Harden was using a forklift to load or unload property from a covered 'auto'" as described in both policies. *Id*. ¶ 32, 35. Therefore, it appears to the Court that this case boils down to whether Harden's injuries occurred due to his use of forklift to load and/or unload skids from the tractor-trailer (meaning Harleysville would be liable), or if his injuries arose from Parker's premature use of the tractor-trailer (meaning the Plaintiffs would be liable).

Predictably, Harleysville argues that "Mr. Harden's injuries arose out of Ms. Parker's use (operation) of an auto [and therefore] the underlying suit is excluded from coverage under the Harleysville policy." Dkt. No. 49 at 17. The Plaintiffs, however, argue that "it can hardly be disputed that but for Mr. Harden's movement of the property with a forklift, his injuries would not have occurred, and thus the injuries 'result from' the mechanical device." Dkt. No. 57 at 8. The parties direct the Court to two seemingly different standards in order to determine what caused Harden's injuries. Harleysville urges the Court to use the "efficient and predominating cause" standard. *See Keckler v. Meridian Sec. Ins. Co.*, 967 N.E.2d 18, 23 (Ind. Ct. App. 2012) ("In Indiana, the phrase 'arising out of' [or 'resulting from'] as used in insurance policies long has been construed to mean that one thing must be the 'efficient and predominating' cause of something else.") (citing *Indiana Lumbermens Mut. Ins. Co. v. Statesman Ins. Co.*, 291 N.E.2d 897, 899 (Ind. 1973)). The Plaintiffs, however, urge this Court to use a different standard—the

"efficient proximate cause rule." *See Hartford Cas. Ins. Co. v. Evansville Vanderburgh Pub. Library*, 860 N.E.2d 636, 646 (Ind. Ct. App. 2007) ("The efficient proximate cause rule states that where a peril specifically insured against sets other causes into motion which, in an unbroken sequence, produce the result for which recovery is sought, the loss is covered, even though other events within the chain of causation are excluded from coverage.") (quoting *McDonald v. State Farm Fire & Casualty Co.*, 837 P.2d 1000, 1004 (Wash. 1992)). It appears to the Court, however, that the distinction between the two tests is irrelevant as "the 'efficient and predominating' cause of the accident under Indiana law [is] that which sets in motion the chain of circumstances leading up to the injury." *Westfield Ins. Co. v. Herbert*, 110 F.3d 24, 26 (7th Cir. 1997).

Ultimately, the Court agrees with Harleysville that what set in motion the chain of circumstances leading up to Harden's injury was Parker's use of the tractor-trailer, specifically, when she prematurely pulled away:

> Ms. Parker's operation of the tractor-trailer set into motion the circumstances leading to Mr. Harden's injury. . . . Without Ms. Parker's operation of the tractor-trailer while Mr. Harden and his forklift are inside, Mr. Harden is not faced with any circumstances leading to injury at all. It is only the moment that Ms. Parker drives away from the dock that the circumstances leading to Mr. Harden's injury are set into motion.

Dkt. No. 49 at 22-23. There simply was no injury that occurred when property was being moved, i.e. during the loading/unloading process. It is true that Harden was unloading skids prior to the accident; however, as soon as Parker began to drive the trailer away, he stopped. As the Plaintiffs' themselves note:

> Mr. Harden then took off his seat belt, put the emergency brakes on the forklift, ran to the end of the trailer and waved his hand out the back of the trailer to get Ms. Parker's attention. The forklift then slid down the length of the trailer and pushed Mr. Harden up against the wall.

7

Dkt. No. 53 at 5. Harden's injuries did not result from the unloading of the skids; his injuries resulted from Parker negligently, and prematurely, driving the tractor-trailer away, causing the forklift to pin Harden against the wall of the tractor-trailer. In other words, had Parker not driven away, Harden would never have been injured.

Some of the cases the Plaintiffs cite illustrate why the facts of this case do not implicate the exclusion under the State National Policy, i.e. why the injury did not occur during the loading/unloading process. For example, in *Travelers Indem. Co. v. Gen. Star Indem. Co.*, 157 F. Supp. 2d 1273, 1287-88 (S.D. Ala. 2001), the court noted that "the evidence indicates that Buckman's fall and resulting injuries arose out of the loading of the trailer and was directly caused, not by some independent or intervening cause wholly disassociated from, independent of and remote from the use of the [trailer], but by the alleged negligent placement of a pin routinely placed in the trailer to effect the loading of the trailer." (internal citations and quotation marks omitted). Similarly, in *Dauthier v. Pointe Coupee Wood Treating Inc.*, 560 So. 2d 556, 557 (La. Ct. App. 1990), the court found that Mr. Dauthier's death occurred during the movement of property when the forklift itself became unbalanced and tilted forward, throwing Mr. Dauthier to the ground. Finally, in *Shell Oil Co. v. Employers Ins. of Wausau*, 684 P.2d 622, 623 (Or. Ct. App. 1984), an injury that occurred "when a forklift, operated by one of plaintiff's employes [sic], struck a barrel jack" was found to be during the process of moving property, specifically, during the process of loading oil drums onto a truck. Unlike the present case, in all of these cases, the injuries arose directly from actions taken during the loading/unloading process or from the forklifts themselves.

Seemingly recognizing this, in their Response, the Plaintiffs argue that

> [u]nder Indiana law, loading and unloading includes preliminary and subsequent measures proximate in time related to loading and unloading. Because Ms. Parker's

negligent conduct occurred during the "loading and unloading" process, the exception to the 2(g) exclusion found in the Harleysville Policy operates to provide coverage for the Harden Lawsuit.

Dkt. No. 57 at 5. As Harleysville notes, this ignores the issue in this case. The question is not whether Harden was loading/unloading skids prior to the accident; it is undisputed that he was. The question is what caused his injuries—the fact that he *was* loading/unloading skids or the fact that Parker negligently operated the tractor-trailer. As explained above, both the efficient proximate cause and the efficient predominating cause test necessitate answering that question with the latter explanation. Accordingly, the Defendant's motion for summary judgment on Count I is **GRANTED**.[1]

Counts II and III of the Plaintiffs' Amended Complaint alternatively seek subrogation or contribution from Harleysville. As the Court has found that Harleysville has no liability for the Harden lawsuit because the accident falls under the "Aircraft, Auto, or Watercraft" exclusion, it is not required to subrogate or contribute to the Plaintiffs. Accordingly, summary judgment is **GRANTED** in favor of Harleysville on Counts II and III of the Plaintiffs' Amended Complaint.[2]

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment (dkt. no. 48) is **GRANTED**. The Plaintiffs' motion for summary judgment (dkt. no. 53) is **DENIED**.

---

[1] The Plaintiffs also argue that the "Aircraft, Auto, or Watercraft" exclusion is ambiguous and/or provides illusory coverage as "applied to the unique facts of the Harden Lawsuit." Dkt. No. 60 at 7. Their argument is premised on the belief that "Mr. Harden's injuries arose out of both his unloading of the trailer with a forklift as well as Ms. Parker's moving the trailer while Mr. Harden was unloading." Dkt. No. 53 at 24. Inasmuch as the Court has found that Harden's injuries were not caused by his use of a forklift during the loading/unloading of the skids, this argument need not be addressed further.

[2] As the Court has found that Harleysville is entitled to summary judgment because the facts of the accident fall into the "Aircraft, Auto, or Watercraft" exclusion, it need not address Harleysville's other arguments for why it is entitled to summary judgment.

SO ORDERED: 11/14/14

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification